UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JACQUELINE CHEESE,

      Plaintiff,      No. 00-CV-71792-DT

vs.              Hon. Gerald E. Rosen

UNITED STATES OF AMERICA,

      Defendant.
_____/

MEMORANDUM OPINION AND ORDER REGARDING
PLAINTIFF'S MOTIONS FOR COSTS AND ATTORNEY FEES
AND DEFENDANT'S MOTION TO AMEND OR ALTER JUDGMENT

  At a session of said Court, held in
  the U.S. Courthouse, Detroit, Michigan
  on   May 16, 2007
  PRESENT: Honorable Gerald E. Rosen
         United States District Judge

I. INTRODUCTION

On September 27, 2006, following a non-jury trial in this medical malpractice action brought pursuant to the Federal Tort Claims Act, 28 U.S.C. § 2671 *et seq*., (the "FTCA"), the Court entered a Judgment in favor of Plaintiff Jacqueline Cheese and awarded her damages in the amount of $15,000, plus interest, costs and reasonable attorneys' fees. With respect to costs and fees, in its Opinion and Order entered on the same date, the Court directed Plaintiffs' attorneys to submit to the Court a verified and itemized affidavit of costs and fees incurred in connection with this matter. The Court

1

advised the parties that a supplemental judgment would be entered as to the amount of costs and fees awarded following its review of the attorneys' verified affidavits.

Plaintiff has complied with the Court's directive and her attorneys have submitted verified itemized affidavits of costs and fees incurred in connection with this matter.[1]

Meanwhile, on October 10, 2006, Defendant filed a Fed. R. Civ. P. 59(e) Motion to Amend or Alter Judgment, or in the Alternative, Motion for Relief from Judgment pursuant to Fed. R. Civ. P. 60(b) maintaining that interest and attorney fees are not recoverable from the Government in this action. Defendant further opposes the amount of costs sought by Plaintiff.

All of these matters have been fully briefed by the parties. The specific issues presented in the parties' submissions are as follows: (1) whether pre-judgment interest is recoverable against the United States; (2) whether attorneys' fees may be awarded under the FTCA; (3) if fees are not allowed under the FTCA, whether Plaintiff may recover fees under the Equal Access to Justice Act (the "EAJA"); and (4) whether Plaintiff is entitled to an award for all of the expenses enumerated in her Bill of Costs. The Court will address each of these matters *seriatim*.

---

[1] These affidavits were appended to Plaintiff's separately filed Motions for Costs and Attorney Fees.

II.  DISCUSSION

A. PRE-JUDGMENT INTEREST IS NOT RECOVERABLE UNDER THE FTCA

The Government asks that the Court amend its Judgment and delete therefrom that portion of the judgment which awards interest.  Plaintiff has expressed no opposition to the Government's request.

It is well-established that the United States is protected from suit by sovereign immunity absent a waiver.  *See Federal Deposit Ins. Corp. v. Meyer*, 510 U.S. 471, 475, 114 S.Ct. 996 (1994); *United States v. Sherwood*, 312 U.S. 584, 587-88 (1941).  The FTCA grants a limited waiver of sovereign immunity and allows tort claims against the United States "in the same manner and to the same extent as a private individual under like circumstances." 28 U.S.C. § 2674.  The Supreme Court has held, however, that entitlement to interest requires a waiver of sovereign immunity "separate from a general waiver of immunity to suit."  *Library of Congress v. Shaw*, 478 U.S. 310, 314 (1986).  Thus, "interest on claims against the United Sates cannot be recovered in the absence of an express provision to the contrary in the relevant statute . . . ."  *United States v. Alcea Band of Tillamooks*, 341 U.S. 48, 49 (1951).

The FTCA contains no such express provision.  In fact, although the FTCA provides that the United States shall be liable "in the same manner and to the same extent as a private individual under like circumstances," Section 2674 of the Act specifically provides that the United States "shall not be liable for interest prior to judgment."  28 U.S.C. § 2674.  *See also Palmer v. United States*, 144 F.3d 361, 266 (6th Cir. 1998)

(holding that the Federal Tort Claims Act does not waive sovereign immunity for prejudgment interest and reversing an award of interest accrued prior to judgment); *Kirchgessner v. United States*, 958 F.2d 158, 159 (6th Cir.1992) (same).

The foregoing authorities establish that Defendant's request for an amendment of the Judgment with respect to the award of pre-judgment interest is well-taken.[2] The Judgment will be amended accordingly.

B.     ATTORNEY'S FEES ARE NOT ALLOWED UNDER THE FTCA

The Supreme Court has also held that the United States is immune from claims of attorney's fees except to the extent that it has specifically waived its immunity for such awards. *Ruckelshaus v. Sierra Club*, 463 U.S. 680, 685 (1983); *Alyeska Pipeline Co. v. Wilderness Society*, 421 U.S. 240, 267-68, 95 S.Ct. 1612 (1975). The FTCA contains no specific waiver of immunity for attorneys' fees; it permits recovery only "for injury or loss of property, or personal injury or death." 28 U.S.C. § 1346(b). The Act's only

---

[2] Post-judgment interest, however, is allowed under the FTCA, and 31 U.S.C. § 1304 specifies the manner in which such interest is to be paid:

> Interest may be paid. . . on a judgment of a district court, only when the judgment becomes final after review on appeal or petition by the United States Government, and then only from the date of filing of the transcript of the judgment with the Secretary of the Treasury through the day before the date of the mandate of affirmance. . . .

31 U.S.C. § 1304(b)(1)(A).

Thus, post-judgment interest is payable in this case only if the United States appeals the Judgment, and then, only after the Judgment becomes final after review on appeal. *See Andrulonis v. United States*, 26 F.3d 1224, 1231 (2nd Cir. 1994).

4

mention of attorneys' fees is a provision limiting the contingency fee an attorney may charge in an FTCA case to 25% of the plaintiff's recovery. 28 U.S.C. § 2678.

From this lack of any other express provision concerning awards of attorneys' fees, the Sixth Circuit and other appellate courts have determined that the FTCA does not waive the sovereign immunity of the United States for attorneys' fee awards. *See Bergman v. United States*, 844 F.2d 353, 355 (6th Cir. 1988) ("The FTCA does not contain the express waiver of sovereign immunity necessary to permit an award of attorneys' fees against the United States directly under that act.") *See also, Joe v. United States*, 772 F.2d 1535, 1536 (11th Cir. 1985) (same); *Anderson v. United States*, 127 F.3d 1190, 1191-92 (9th Cir. 1997) ("Congress has not waived the government's sovereign immunity for attorneys' fees and expenses under the FTCA.")

Plaintiff concedes that her attorneys' fees are not recoverable under the FTCA, but she maintains that fees may be awarded under the Equal Access to Justice Act.

C.  ATTORNEYS' FEES UNDER THE EAJA

Section 2412 of the Equal Access to Justice Act, 28 U.S.C. § 2412, contains a limited waiver of sovereign immunity with respect to awards of attorneys' fees. In two separate provisions, section 2412 allows awards of attorneys' fees against the United States.

28 U.S.C. § 2412(b) allows a court, in its discretion, to award fees and expenses to the prevailing party:

5

(b) Unless expressly prohibited by statute, a court may award reasonable fees and expenses of attorneys, in addition to the [§ 1920 ] costs which may be awarded pursuant to subsection (a), to the prevailing party in any civil action brought by or against the United States or any agency or any official of the United States acting in his or her official capacity in any court having jurisdiction of such action.  *The United States shall be liable for such fees and expenses to the same extent that any other party would be liable under the common law or under the terms of any statute which specifically provides for such an award.*

28 U.S.C. § 2412(b) [Emphasis added.]

28 U.S.C. § 2412(d)(1) also sets forth the authority of a court to award attorney fees and expenses in non-tort actions:

(d)(1)(A) Except as otherwise specifically provided by statute, a court shall award to a prevailing party other than the United States fees and other expenses, in addition to any costs awarded pursuant to subsection (a), incurred by that party in any civil action (*other than cases sounding in tort*), including proceedings for judicial review of agency action, brought by or against the United States in any court having jurisdiction of that action, *unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust.*

(B) A party seeking any award of fees and other expenses shall, within thirty days of final judgment in the action, submit to the court an application for fees and other expenses which shows that the party is a prevailing party and is eligible to receive an award under this subsection, and the amount sought, including an itemized statement from any attorney or expert witness representing or appearing in behalf of the party stating the actual time expended and the rate at which fees and other expenses were computed.  The party shall also allege that the position of the United States was not substantially justified.  Whether or not the position of the United States was substantially justified shall be determined on the basis of the record (including the record with respect to the action or failure to act by the agency upon which the civil action is based) which is made in the civil action for which fees and other expenses are sought.

\* \* \*

(2) For the purposes of this subsection --

    (A) "fees and other expenses" includes the reasonable expenses of expert witnesses. . . and reasonable attorney fees. . . .

* * *

    (G) "final judgment" means a judgment that is final and not appealable, and includes an order of settlement.

28 U.S.C. § (d) [Emphasis added.]

Although Plaintiff in this case appears to conflate subsections (b) and (d), it is clear that the two subsections are separate and distinct. *See Wells v. Bowen*, 855 F.2d 37, 46 (2nd Cir. 1988) (noting that the two bases for fee awards under the EAJA "stand completely apart.") Upon examination of each these provisions, however, it appears that neither provision provides a basis for an attorney fee award to Plaintiff in this case.

First, 28 U.S.C. § 2412(d) specifically excludes tort cases from its application. Thus, this section is inapplicable in this FTCA case because this is a case that "sounded in" the tort of medical malpractice. *See Epling v. United States*, 958 F. Supp. 312, 316 (W.D. Ky. 1997).

The second EAJA fees provision, 28 U.S.C. § 2412(b) renders the United States liable for attorneys' fees "to the same extent that any other party would be liable under the common law or under the terms of any statute which specifically provides for such an award." The term "statute" within the meaning of Section 2412(b) has been construed to refer only to federal statutes. *See Joe v. United States*, *supra* (holding that a Florida statute providing for attorneys' fees in medical malpractice actions did not entitle plaintiff

to an award of attorneys' fees from the United States); *Mark v. Kanawha Banking & Trust Co., N.A.*, 575 F. Supp. 844 (D. Ore. 1983); *see also* H. Rep. No. 96-1418, 96th Cong., 2d Sess. 17, *reprinted* in 1980 U.S.C.C.A.N. 4953, 4984, 4996 (stating that the EAJA would make the United States liable for costs and attorneys' fees "under the same standards which govern awards against other parties under *Federal statutory* exceptions" to the American rule, unless the statutory exception provides otherwise (emphasis added)). No federal statute provides for attorneys' fees in medical malpractice actions.

The "American rule" referenced in Section 2412(b) refers to the tradition in the United States that litigants must bear their own attorneys' fees. See *Alyeska Pipeline, supra*, 421 U.S. at 247, 95 S.Ct. at 1616; *Joe v. United States, supra*. Fees, thus, may be awarded in this case under the EAJA only if the Court finds one of the common law exceptions to the traditional American rule applicable. *See Kerin v. U.S. Postal Service*, 218 F.3d 185, 190 (2nd Cir. 2000) (Section 2412(b) "effectively codifies the common law exceptions to the traditional American rule that each party will ordinarily bear its own fees and costs.")

The courts have recognized only two common law principles justifying an award of fees under Section 2412(b) of the EAJA. One of the recognized common law exceptions to the American rule against fee-shifting is that attorney's fees may be awarded where the party has "acted in bad faith, vexatiously, wantonly, or for oppressive reasons." *Bergman v. United States*, 844 F.2d 353, 357 (6th Cir. 1988) (quoting *Alyeska Pipeline*, 421 U.S. at 258-59). A second recognized basis for fees may exist where an

8

opposing party has wilfully disobeyed a court order. *Id.* The party seeking the fee award under the EAJA has the initial burden of establishing entitlement to such fees under Section 2412(b). *FTC v. Freecom Communications, Inc.*, 401 F.3d 1192, 1200 (10th Cir. 2005).

In this case, there has been no violation of any court order on the part of the Government. Therefore, it is only if the "bad faith" exception applies that the Court may award Plaintiff her fees.

The Sixth Circuit has emphasized that the "bad faith" showing required to support an award of fees under Section 2412(b) is stringent one:

> The bad faith exception to the general rule that each party bears its own costs allows attorneys' fees only "in certain exceptional cases." Because an award of attorneys' fees is extraordinary and punitive, standards for bad faith for the purposes of awarding attorneys' fees under the EAJA are stringent.

*Bergman* 844 F.2d at 357 (citations omitted). *See also Freecom*, 401 F.3d at 1200 n.3 (fee award under § 2412(b) "requires far more egregious conduct on the government's part than [the not-substantially-justified conduct] required by § 2412(d)"). As the Sixth Circuit explained in *First Bank of Marietta v. Hartford Underwriters Ins. Co.*, 307 F.3d 501 (6th Cir. 2002), in order to award attorney's fees under the bad faith exception, the district court must find that the respondent's claim or defense "was both entirely without color *and* asserted wantonly, for purposes of harassment or delay, or for other improper reasons." *Id.* at 524. Neither meritlessness alone nor improper motives alone will suffice. *Id.* Further, such a showing of bad faith must be supported by "clear evidence."

9

*Autorama Corp. v. Stewart*, 802 F.2d 1284, 1288 (10th Cir. 1986).

Plaintiff has not made the requisite "bad faith" showing in this case. At best, all that the record demonstrates is that this case involved a dispute between medical experts concerning unusual issues of medical practice and proximate cause. Such a dispute of medical expert opinion does not even rise to the level of "not substantially justified" conduct let alone the "bad faith" conduct required under § 2412(b) of the EAJA.

The foregoing establishes that Defendant's motion to amend or alter the award of attorneys' fees in the Judgment originally entered in this case should be granted.

D.     COSTS

Plaintiff has submitted a Bill of Costs seeking an award of $34,634.37 for costs incurred in connection with this action. Although Defendant concedes that Plaintiff is entitled to costs in this Federal Tort Claims Act suit in accordance with 28 U.S.C. § 2412(a), 28 U.S.C. § 1920, and Fed. R. Civ. P. 54(d), Defendant disputes Plaintiff's entitlement to all of the costs enumerated in her Bill of Costs and contends that Plaintiff is entitled to an award of no more than $8,321.87.[3]

---

[3] Defendant also argues that Plaintiff's submission of her Bill of Costs is "procedurally defective" because she did not submit it first to the Taxation Clerk. The Sixth Circuit, however, has held a district court "has the inherent and statutory authority to act on motions related to costs prior to any action by the clerk based on the permissive language of Rule 54, the language of § 1920, and the fact that any decision by the clerk would have been subject to *de novo* review by the district court." *BDT Products, Inc. v. Lexmark International, Inc.*, 405 F.3d 415, 418-19 (6th Cir. 2005). Based upon the *BDT* decision, the Court concludes that Defendant's "procedurally defective" argument warrants no further discussion.

28 U.S.C. § 2412(a) waives the sovereign immunity of the United States for the costs which may be awarded to a prevailing party under 28 U.S.C. § 1920.[4]

28 U.S.C. § 1920 provides:

A judge or clerk of any court of the United States may tax as costs the following:

(1) Fees of the clerk and marshal;

(2) Fees of the court reporter for all or any part of the stenographic transcript necessarily obtained for use in the case;

(3) Fees and disbursements for printing and witnesses;

(4) Fees for exemplification and copies of papers necessarily obtained for use in the case;

(5) Docket fees under section 1923 of this title;

(6) Compensation of court appointed experts, compensation of interpreters and salaries, fees, expenses and costs of any special interpretation services under section 1828 of this title.

Defendant contends that the following costs should be disallowed because they are not costs enumerated in § 1920:

Service of Process fees ($95)

---

[4] 28 U.S.C, § 2412(a) provides, in pertinent part:

(a)(1) Except as otherwise specifically provided by statute, a judgment for costs, as enumerated in section 1920 of this title, but not including the fees and expenses of attorneys, may be awarded to the prevailing party in any civil action brought by or against the United States or any agency or official of the United States acting in his or her official capacity in any court having jurisdiction of such action. . . .

  Video copying ($175)

  Color photocopying ($250)

  Case facilitation fee ($675)

  Although the Court agrees that § 1920 does not allow fees for case facilitation and that the $675 requested by Plaintiff should be disallowed, the Court overrules Defendant's objections as to the request for costs for service of process fees, video copying and color photocopying.

  First, with respect to the service of process fees, as the court explained in awarding costs for private process servers in *EEOC v. W&O, Inc.*, 213 F.3d 600 (11th Cir. 2000),"Since the enactment of section 1920(1), the method of serving civil summonses and subpoenas has changed. The U.S. Marshal no longer has that responsibility in most cases, but rather a private party must be employed as process server." *Accord Alflex Corp. v. Underwriters Laboratories, Inc.*, 914 F.2d 175, 178 (9th Cir.1990) (citing Fed. R. Civ. P. 4(c) and 45(c)). *See also*, *Collins v. Gorman*, 96 F.3d 1057, 1060 (7th Cir.1996) and *United States v. Merritt Meridian Constr. Corp.*, 95 F.3d 153, 172 (2nd Cir. 1996) (both cases holding that § 1920(1) refers to the fees "of" the marshal but does not require payment "to" the marshal and, accordingly, that the "fees of the marshal" refers to fees authorized by § 1921[5] rather than fees collected by the marshal. Thus, a district court

---

[5] 28 U.S.C. § 1921 provides that the United States marshals or deputy marshals shall routinely collect, and a court may tax as costs, fees for serving summonses, complaints and subpoenas.

does not abuse its discretion in taxing private process server fees that do not exceed the statutory fees authorized in § 1921.)

Defendant's argument for disallowing video copying and color photocopying expenses is similarly without merit. In fact, the Sixth Circuit expressly found such expenses recoverable as "fees for exemplifications and copies necessarily obtained for use in the case" under § 1920(4) in *BDT Products, Inc. v. Lexmark International, Inc.*, 405 F.3d 415, 420 (6th Cir. 2005).

Defendant also seeks a disallowance of the "expert witness fees" sought for Dr. Jay Copeland, Dr. David Wood, and economist John Hanieski. The Court agrees. As the Supreme Court held in *Crawford Fitting Co. v. J.T. Gibbons, Inc*., 482 U.S. 437, 455, 107 S.Ct. 2494, 2506 (1987), there is no authorization in 28 U.S.C. §1920 for the award of expert witness fees (other than the fees for court-appointed experts).[6] Rather, the fees for such witnesses are limited to those provided in 28 U.S.C. § 1821(b). *Id*. *See also Gaddis v. United States*, 381 F.3d 444, 45-51 (5th Cir. 2004); *Hull v. United States*, 978 F.2d 570, 572-73 (10th Cir. 1992). As set forth in Section 1821(b):

> A witness shall be paid an attendance fee of $40 per day for each day's attendance. A witness shall also be paid the attendance fee for the time necessarily occupied in going to and returning from the place of attendance at the beginning and end of such attendance or at any time during such attendance.

28 U.S.C. § 1821(b)

---

[6] Defendant does not dispute that Plaintiff is entitled to recover the expert witness fee paid to Dr. Jay Hollander, the court-appointed expert in this case.

Dr. Copeland and Dr. Wood each attended the trial on November 15, 2004. They also each attended their respective depositions, as did Mr. Hanieski. Therefore, Plaintiff is entitled to payment of only $200 for these witnesses' attendance fees (5 x $40), not the full $21,530 requested in the Bill of Costs.

Defendant also contends that the costs of the transcripts of the depositions of Plaintiff Jacqueline Cheese, court-appointed expert, Dr. Jay Hollander, Plaintiff's expert, Dr. Jay Copeland, and Laura Ginsburg-Evans are not taxable because these witnesses either were present and presented live testimony at trial or did not testify at trial. Contrary to Defendant's assertion, there is no requirement in Section 1920 that the depositions be used "at trial" or instead of live testimony. Rather, the only statutory limitation is that the transcripts be "necessarily obtained for use in the case." 28 U.S.C. § 1920(2). *See also Koppinger v. Cullen-Schiltz and Associates*, 513 F.2d 901, 91-911 (8th Cir. 1975); *U.S. Indus., Inc. v. Touche Ross & Co.*, 854 F.2d 1223, 1246 (10th Cir.1988). The Court finds that all of the deposition transcripts for which Plaintiff requests an award of costs were reasonably necessary in the case. Accordingly, costs as requested by Plaintiff for these transcripts will be allowed.

## CONCLUSION

For all of the foregoing reasons,

IT IS HEREBY ORDERED that Defendant's Motion to Amend or Alter Judgment is GRANTED, in part, and DENIED, in part.

IT IS FURTHER ORDERED that Plaintiff's Motion for Costs pursuant to the

Federal Tort Claims Act is GRANTED, in part, and DENIED, in part.

IT IS FURTHER ORDERED that Plaintiff's Motion for Attorney Fees Pursuant to the EAJA is DENIED.

Accordingly, the Judgment entered in this case on September 27, 2006 will be amended to reflect that, in addition to damages in the amount of $15,000, Defendant shall pay to Plaintiff costs in the amount of $12,629.37, plus interest as allowed by law.

SO ORDERED.

        s/Gerald E. Rosen
        Gerald E. Rosen
        United States District Judge

Dated: May 16, 2007

I hereby certify that a copy of the foregoing document was served upon counsel of record on May 16, 2007, by electronic and/or ordinary mail.

        s/LaShawn R. Saulsberry
        Case Manager